PER CURIAM.
These disciplinary proceedings by The Florida Bar against Raymond E. LaPorte, are presently before us on complaints of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee states as follows:
Case No. 63,527
The facts are as set forth in the Complaint filed by The Florida Bar and the referee recommends that the respondent be found guilty of violating article XI, Rules 11.02(4) and 11.02(4)(a) and Disciplinary Rule 9-102(A);
Case No. 64,092
The facts are as set forth in the Complaint filed by The Florida Bar. The referee finds that the problem in this case was caused by a lack of communication between respondent and his sole employee, i.e., his wife, secretary, and office manager. While respondent did not actively pursue his client’s claim, he sought to remedy the problem once he became cognizant of the matter. Subsequently, the complainant pursued her remedies in the court system with the aid of another attorney. The referee recommends that the respondent be found guilty of violating Disciplinary Rules 1-102(A)(1), (4) and (6); 6-101(A)(3); and 7-102(A)(8); and 7-102(A)(8);
Case No. 65,817
The facts are set forth in the Complaint filed by The Florida Bar. Again, the referee finds that respondent’s error was due to a lack of communication between respondent and his sole employee, i.e., his wife, secretary, and office manager. Mr. Baity has, by his own admission, been made whole in that respondent expended approximately twelve thousand dollars of his own funds to settle the matter. The referee recommends that respondent be found guilty of violating Disciplinary Rules 1-102(A)(4), (5) and (6); 5-102(B); 6-101(A)(l) and (3); 6-102(A); 7-101(B); 7-102(A)(3), (5), (6) and (8); 9-102(A); and 9-102(B)(l), (2), (3) and (4); and
Case No. 66,083
The facts are set forth in the Complaint filed by The Florida Bar. The referee recommends that the respondent be found guilty of violating article XI, Rule 11.-02(3)(A) and Disciplinary Rule 1-102(A)(4).
The referee recommends that respondent receive a public reprimand with appearance before the Board of Governors. It is also the recommendation of the referee that respondent be placed on a period of probation not to exceed two years during which time The Florida Bar shall conduct unannounced inspections of respondent’s law offices. If at the end of a year, The Florida Bar is satisfied that respondent is properly managing his case load and also properly maintaining the required trust accounts and proper financial practices, then the period of probation shall be terminated.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
*562 Publication of this opinion in Southern Reporter and the appearance of respondent before the Board of Governors of The Florida Bar shall serve as the public reprimand. Raymond E. LaPorte is placed on a period of probation not to exceed two years. During this period The Florida Bar shall conduct unannounced inspections of respondent’s law offices. If, at the end of a year, The Florida Bar is satisfied that respondent is properly managing his case load and also properly maintaining the required trust accounts and proper financial practices, then the period of probation shall be terminated.
Judgment for costs in the amount of $3,977.01 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.